Matter of Lang (2024 NY Slip Op 00584)

Matter of Lang

2024 NY Slip Op 00584

Decided on February 2, 2024

Appellate Division, Fourth Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, MONTOUR, AND GREENWOOD, JJ. (Filed Feb. 2, 2024.) 

&em;

[*1]MATTER OF JULIE ANN LANG, A SUSPENDED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, PETITIONER.

OPINION AND ORDER
Final order of suspension entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on February 27, 2004, as Julie Ann Atti, and she formerly maintained an office in Orchard Park. By order entered June 22, 2021, this Court granted the Grievance Committee's motion for an order, pursuant to 22 NYCRR 1240.9, suspending respondent from the practice of law while a grievance investigation was pending upon her admission that she had engaged in certain acts of professional misconduct, including misappropriating funds and creating false evidence to conceal the misappropriation. The Grievance Committee thereafter filed a petition asserting against respondent seven charges of professional misconduct, including misappropriating funds belonging to clients, failing to refund unearned legal fees in a timely manner, submitting false evidence to the Grievance Committee during the investigation, and failing to comply with court rules concerning retainer agreements and client billing statements in domestic relations matters. In lieu of respondent filing an answer to the petition, the parties have filed a joint motion for discipline by consent wherein respondent conditionally admits that she has engaged in certain acts of professional misconduct and the parties request that the Court enter a final order imposing the sanction of suspension from the practice of law for a period of two years, effective June 22, 2021.
With respect to charge one, respondent conditionally admits that, in late 2018, she accepted retainer payments in the total amount of $6,750 to represent a client in certain post-divorce proceedings. From December 2018 through February 2019, respondent received from the client's former spouse funds in the total amount of $3,117.10, which were intended to pay child support arrears owed to the client. Respondent admits, however, that she failed to advise the client that she had received those funds and thereafter used them to pay respondent's claim for legal fees owed by the client, without notice to, or authorization from, the client. In April 2019, the client discharged respondent and retained replacement counsel, who made several requests for respondent to turn over the client's legal file and any funds received for child support arrears. Respondent admits that, several months later, she turned over the client's file without remitting any funds, which resulted in the client filing a grievance complaint and a fee arbitration proceeding. Respondent admits that, in response to the grievance complaint, she submitted to the Grievance Committee certain documents that she had fabricated in an effort to conceal her misappropriation of the client's child support funds. In April 2020, respondent resolved the fee dispute by paying to the client funds in the total amount of $6,617.10 to refund a portion of the client's retainer payment and to repay the child support funds that respondent had applied to her claim for legal fees.
With respect to charge two, respondent admits that, in April 2017, she accepted an initial retainer payment in the amount of $3,500 to represent a client in an action for divorce. Respondent subsequently accepted additional retainer funds in the amount of $2,000 and, although she performed various services for the client over the course of the representation, she admits that she failed to attend two scheduled court appearances and the matter was resolved in late 2018 when the client agreed to pay to his former spouse funds in the amount of $15,000. [*2]Respondent admits that, after she received the settlement funds from the client and deposited those funds into her trust account, she remitted only $12,970 to the client's former spouse and initiated an online banking transaction to transfer the remaining settlement funds from her trust account to her law firm operating account to pay her claim for legal fees, without notice to, or authorization from, the client. Respondent further admits that, when she engaged in the aforementioned trust account transactions, she did so without creating or maintaining a general ledger or an individual client ledger for the client's divorce matter. In September 2020, respondent paid to the client funds in the total amount of $4,642.49 to refund legal fees in the amount of $2,612.49 and to repay settlement funds in the amount of $2,030 that respondent had applied to her claim for legal fees.
With respect to charge three, respondent admits that, in June 2019, she accepted a retainer payment in the amount of $2,500 to represent a client in a child custody proceeding. Although respondent arranged for the client to execute a statement of client's rights and responsibilities, respondent failed to provide the client with a copy of the statement and thereafter failed to provide the client with billing statements at least every 60 days. Respondent also failed to attend two scheduled court appearances, and the client discharged respondent in September 2019. Respondent admits that she failed to turn over the client's legal file or refund unearned legal fees to the client in a prompt manner. After the client commenced a fee arbitration proceeding, however, respondent issued to the client a refund of the retainer payment in the amount of $2,500.
With respect to charge four, respondent admits that, in April 2019, she accepted retainer payments in the total amount of $4,000 to represent a client in an action for divorce, without providing the client with a written retainer agreement or statement of client's rights and responsibilities. In May 2019, the client discharged respondent and requested a refund of the retainer funds, but respondent failed to provide the client with a refund or an itemized billing statement until May 2020, which was after the client filed a grievance complaint.
With respect to charge five, respondent admits that, in January 2018, she agreed to represent a client in an action for divorce and accepted retainer payments in the total amount of $6,000, without providing the client with a copy of the retainer agreement. Respondent admits that, after she was discharged by the client in November 2018, she failed to refund unearned legal fees to the client, which prompted the client to commence a fee arbitration proceeding. The arbitrator rendered an award in favor of the client in the amount of $5,280, and respondent admits that she failed to pay the award in a timely manner, which necessitated the client commencing a civil special proceeding to enforce the award. In November 2019, the court presiding over the special proceeding directed respondent to pay to the client funds in the amount of $5,280, plus costs of $305. Respondent admits that, although she mailed to the client a check in the amount of $5,280 in February 2020, she did not pay the remaining $305 for costs until after the client filed a grievance complaint.
With respect to charge six, respondent admits that, in December 2015, she accepted a retainer payment in the amount of $3,500 to represent a client in an action for divorce, at which time she provided the client with a statement of client's rights that failed to comply with the court rule governing such statements in domestic relations matters. In June 2016, respondent advised the client that she was withdrawing from the matter and sent the client an invoice for legal fees in the amount of $3,475. The client commenced a fee arbitration proceeding seeking a full refund of the retainer payment, and the arbitrator rendered an award in favor of the client in [*3]the amount of $1,000 and found that respondent had failed to comply with court rules governing billing statements and retainer agreements for domestic relations matters.
With respect to charge seven, respondent admits that, in several of the client matters that gave rise to charges one through six, she prepared and caused her clients to execute a retainer agreement that did not meet the requirements of the court rule governing retainer agreements in domestic relations matters.
We grant the joint motion of the parties, find respondent guilty of professional misconduct, and conclude that her admissions establish that she has violated the following provisions of the Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a client;
rule 1.3 (b)—neglecting a legal matter entrusted to her;
rule 1.5 (d) (5) (ii)—entering into an arrangement for, charging, or collecting a fee in a domestic relations matter without a written retainer agreement signed by the lawyer and client setting forth in plain language the nature of the relationship and the details of the fee arrangement;
rule 1.5 (e)—failing to provide a prospective client in a domestic relations matter with a statement of client's rights and responsibilities at the initial conference and prior to the signing of a written retainer agreement;
rule 1.15 (a)—misappropriating funds belonging to another person and commingling personal funds with such funds;
rule 1.15 (c) (1)—failing to provide to a client or third person prompt notice of the receipt of funds, securities, or other properties in which the client or third person has an interest;
rule 1.15 (c) (3)—failing to maintain complete records of all funds of a client or third person coming into her possession and to render appropriate accounts to the client or third person regarding them;
rule 1.15 (e)—making withdrawals from her attorney trust account in a manner other than by check payable to a named payee;
rule 1.16 (e)—failing to refund promptly any part of a fee paid in advance that has not been earned;
rule 8.4 (b)—engaging in illegal conduct that adversely reflects on her honesty, trustworthiness, or fitness as a lawyer;
rule 8.4 (c)—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation;
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h)—engaging in conduct that adversely reflects on her fitness as a lawyer.
We additionally conclude that respondent has violated 22 NYCRR part 1400 by failing to provide a client in a domestic relations matter with itemized billing statements at regular intervals or a statement of client's rights or written retainer agreement in proper form.
In imposing the sanction requested by the parties in the joint motion, we have considered various factors in aggravation and mitigation, including the serious nature of respondent's admitted professional misconduct and her statement that the misconduct occurred while she was experiencing mental health issues, for which she has successfully sought treatment. Accordingly, after consideration of all of the factors relevant to this matter, we conclude that respondent should be suspended from the practice of law for a period of two years, effective June 22, 2021, [*4]and until further order of the Court. We further direct that any application for reinstatement filed by respondent must include proof that she is continuing to engage in mental health treatment, that she is following all treatment recommendations, and that she has entered into a mental health treatment monitoring agreement with a lawyer assistance program for a prospective period of two years.